953 F.2d 1383
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re PITTCON INDUSTRIES, INCORPORATED, Debtor.
ROBERT A. ANDERSON WOOD PRODUCTS, INCORPORATED; Robert M.
Anderson; Gordon & Simmons; Roger C. Simmons;
Ralph B. Gordon, Plaintiffs-Appellants,
v.
ACOUSTICAL CEILING ACCESSORIES CORPORATION, INCORPORATED;
American Metal Forming Corporation; Abraham
Leser; Tibor Gross, Defendants-Appellees,
and
Maryland National Bank, Defendant.
 No. 91-1522.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1991.
Decided Feb. 6, 1992.
As Amended March 5, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-90-2860-B, CA-990-2861-B, BK-88-4-1475-PM)
 Argued: Leslie Allison Powell, Gordon & Simmons, Frederick, Md., for appellants; Janet Marsha Nesse, Gins & Seeber, P.C., Washington, D.C., for appellees.
 On Brief: Ralph Gordon, Roger C. Simmons, Gordon & Simmons, Frederick, Md., for appellants.
 D.Md.
 REVERSED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and GERALD W. HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants challenge the order of the United States District Court for the District of Maryland affirming the imposition of sanctions under 28 U.S.C. § 1927 by the United States Bankruptcy Court for the District of Maryland.[1] Because we conclude that the imposition of sanctions under 28 U.S.C. § 1927 for the reasons expressed by the bankruptcy court was a clear abuse of discretion, we reverse.
 
 
 2
 * In May of 1988, Pittcon Industries (Pittcon) filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code. The trustee in bankruptcy soon thereafter instituted two actions, one against appellant law firm Gordon & Simmons, the other against appellant Robert A. Anderson Wood Products, Inc., to recover payments Pittcon had made to them, on the ground that those payments were voidable as preferential transfers within the 90-day period of presumed insolvency provided by § 547 of the Bankruptcy Code.
 
 
 3
 In an attempt to develop evidence that Pittcon was solvent at the time the allegedly preferential transfers were made, so as to avoid the presumption of insolvency, appellants sought to discover, among other things, information regarding the valuation of Pittcon's assets from appellees American Metal Forming Corporation (AMFC) and Acoustical Ceiling Accessories Company (ACAC), an affiliate of AMFC, and Maryland National Bank. Under a court-approved plan of reorganization negotiated by Pittcon, AMFC and ACAC, AMFC had purchased all of Pittcon's assets on October 19, 1990. Appellants believed that AMFC and ACAC were in a position to know the value of Pittcon's assets, and consequently, whether Pittcon was insolvent at the time the allegedly preferential transfers were made, given the fact that AMFC and ACAC had done independent research in putting together an offer to purchase Pittcon's assets. Appellants therefore procured service of subpoenas upon agents of AMFC, ACAC, and Maryland National Bank commanding appearance for depositions and the production of all documents related to their business affairs with Pittcon. The agents of AMFC and ACAC were served in Baltimore, where appellants knew that these agents would be attending court proceedings related to the Pittcon reorganization. Service was effected by a private process server within the precincts of the federal courtroom in which these proceedings were being held.[2] AMFC, ACAC, and Maryland National Bank filed motions for a protective order and to quash service. They argued that any knowledge they had of Pittcon was irrelevant to the preference actions since they were not parties to those actions. AMFC and ACAC also argued that they had in no way associated with Pittcon until long after the allegedly preferential transfers were made, and that they, both New York corporations, and their agents, New York citizens, were immune from process in Maryland.
 
 
 4
 The bankruptcy court agreed with these contentions and granted the motions for protective order and to quash service. It also granted the applications of AMFC, ACAC, and Maryland National Bank for attorneys' fees and costs as sanctions under 28 U.S.C. § 1927.[3] On appeal, the district court summarily affirmed the award to AMFC and ACAC, but reversed the award to Maryland National Bank.[4] This appeal followed.
 
 II
 
 5
 The issue is whether sanctions were validly imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." A court's decision to impose sanctions for frivolous, bad faith, or vexatious litigation under 28 U.S.C. § 1927, is reversible only for an abuse of discretion. Blue v. United States Dep't of Army, 914 F.2d 525, 538-39 (4th Cir.1990). We think the imposition of sanctions here was an abuse of discretion.
 
 
 6
 The record indicates, though most ambiguously, that § 1927 sanctions were imposed on two grounds: the overbreadth and non-justification for appellants' discovery requests, and the way in which service of the discovery subpoenas was effected.
 
 
 7
 * Although counsel for appellants probably could have tailored the discovery requests that generated this controversy more narrowly, there was certainly a reasonable basis for their seeking discovery from AMFC and ACAC. There were discrepancies between the financial statements produced by Pittcon and those produced by Maryland National Bank. Significantly, Pittcon did not include the value of certain trade secrets and other technological processes it owned in its asset valuations. Because AMFC and ACAC were planning to purchase Pittcon's assets, they were in a position to know their value, and this was information appellants reasonably could seek to discover from AMFC and ACAC.
 
 
 8
 Of course, over-broad discovery requests can be made with the intent unreasonably and vexatiously to multiply the judicial proceedings before a court. But we discern no basis for finding unreasonable, vexatious conduct on anyone's part in the breadth of the discovery sought here. Appellants were made defendant parties to preference actions brought by the Pittcon trustee. They raised a straightforward defense to these actions--that Pittcon was not insolvent at the time the allegedly preferential payments were made--and they sought to discover evidence supporting this defense. Given the discrepancies in the evidence already in their possession, appellants' counsel reasonably could suppose that AMFC and ACAC, at the time would-be purchasers of Pittcon, had information that was relevant to their defense. To the extent the discovery requests they made were over-broad, it cannot be said on this record that they were made in bad faith, unreasonably and vexatiously to multiply the proceedings before the bankruptcy court, rather than with the intent to litigate the matter aggressively. Cf. Smith v. BIC Corp., 869 F.2d 194, 202 (3d Cir.1989) (affirming order quashing subpoenas because information sought was irrelevant, but vacating sanctions because counsel's actions were "more indicative of vigorous advocacy than ... bad faith").
 
 
 9
 Accordingly, the bankruptcy court abused its discretion to the extent this was the basis for its imposition of sanctions.
 
 B
 
 10
 The imposition of § 1927 sanctions because of the manner of service of process upon the agents of AMFC and ACAC seems to have been based on (1) the legal conclusion that as non-resident witnesses or parties they were immune to service in Maryland, and (2) the fact that service was actually effected within the bankruptcy court courtroom, which the bankruptcy judge characterized as an "affront to the Court." J.A. 109. Neither, without more than appears of record, warranted a sanction under the stringent standards of § 1927.
 
 
 11
 Whether the agents were legally immune to service under the circumstances is at least an arguable proposition of law. Even if they were, this alone would not justify a conclusion that void service upon them demonstrated an "unreasonable and vexatious" "multiplying of proceedings" by the counsel who had set in motion the service of process. This was a wholly unjustified legal conclusion.
 
 
 12
 Similarly, the fact alone that a private process server may have effected service in a courtroom could not justify a determination that counsel who caused issuance of the process had by that act violated § 1927. This is a complete mis-reading of that drastic sanction provision. Its invocation on this basis was a clear abuse of discretion.
 
 
 13
 REVERSED.
 
 
 
 [1]
 As in various other respects noted in this opinion, the bankruptcy court's order imposing sanctions is unclear as to the subject of the sanction-whether the appellants, or their counsel, or both. Appellants indicate that they have taken this appeal because of their confusion on this score. We treat it as an appeal on behalf of their counsel, who is the only proper subject of a sanction award under 28 U.S.C. § 1927. See FTC v. Alaska Land Leasing, Inc., 799 F.2d 507 (9th Cir.1986)
 
 
 [2]
 The process server testified, however, that no proceedings had begun and the judge and courtroom clerk were not present when he entered the courtroom to serve the subpoenas on the agents of AMFC and ACAC. According to the process server, he only entered the courtroom to serve process because the persons identified to him as agents of AMFC and ACAC rushed into the courtroom in an apparent attempt to avoid service. The exact circumstances under which service was effected were not the subject of specific factfindings beyond the place of service, and are in any event irrelevant to our disposition
 
 
 [3]
 Even the exact basis of the court's assumption of authority for imposing sanctions is unclear. The only indicated basis is that § 1927 was invoked by the appellees in their motion for sanctions. The court must be taken to have acted upon that, having invoked no other source. The parties have joined issue on that basis on this appeal
 
 
 [4]
 Maryland National Bank does not appeal the decision of the district court